# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

vs.                            Civil No. 97-1149 JP/WWD
                              Criminal No. 95-353 JP

EDWINA CODDINGTON,

        Defendant/Movant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

1.  THIS MATTER comes before the Court upon movant's petition pursuant to 28 U.S.C. § 2255, filed August 8, 1997 and movant's request for appointment of counsel, filed January 5, 1998 [10-1]. Ms. Coddington is incarcerated and is proceeding *pro se*. On January 18, 1996, she entered a plea of guilty to conspiracy to possess with intent to distribute more than 5 kilograms of cocaine, and possession with intent to distribute more than 5 kilograms of cocaine, in violation of 21 U.S.C. § 853(a)(1) and (b)(1)(A).[1]  In April, 1996, movant was sentenced to a term of imprisonment of 135 months for each count, to run concurrently, plus five years supervised release.

2.  Ms. Coddington seeks to withdraw her plea of guilty and asserts four cognizable grounds for relief, under a claim of ineffective assistance of counsel:

    (1) she wanted to go to trial instead of accepting a plea;
    (2) Mr. Binford, her attorney, failed to keep her informed so that she never knew what was going on with her case;
    (3) Counsel did not represent her during her testimony at her co-defendant's trial; and

---

[1]  Movant initially pled not guilty to the counts on the indictment, which was also brought against three co-defendants.

(4) she was not fully informed in advance of a hearing regarding a later plea for Failure to Appear[2].

**Ground 1**

3.   Movant claims that she wanted to go to trial, but that counsel advised her that it was in her best interest to sign a plea agreement.

4.   The voluntariness of Ms. Coddington's plea depends first, on whether the advice given by Mr. Binford was within the range of competence demanded of attorneys in criminal cases. Strickland v. Washington, 466 U.S. 668, 690 (1984).  Second, she must show that there is a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial.  Hill v. Lockhart, 474 U.S. 52, 59 (1985); Laycock v. New Mexico, 880 F.2d 1184, 1187 (10th Cir. 1989); Gonzales v. Tansy, unpubl. opin., 65 F.3d 178 (10th Cir. 1995).

5.   Ms. Coddington's regret at not having gone to trial does not in itself provide a legal basis to challenge the invalidity of her plea.  Judge Parker, who presided at movant's sentencing, found that she had entered the plea knowingly, voluntarily and intelligently.  Tr. at 4. Notwithstanding movant's sincerity as to the general outcome of her life, the finality of a guilty plea cannot be sacrificed whenever a defendant comes to regret his or her plea after sentencing. United States v. Lumpkins, 845 F.2d 1444, 1451 (7th Cir. 1988); see Hill v. Lockhart, 474 U.S. 52 (1985).

---

[2]  The question of whether movant has procedurally defaulted her claims is not applicable here, where movant alleges ineffective assistance of counsel. United States v. Frady, 456 U.S. 152 (1982); United States v. Galloway, 56 F.3d 1239, 1241 (10th Cir. 1995).

6.   As a result of her plea, Ms. Coddington's offense level was reduced from 42 to 33, and she received the lowest possible sentence within the sentencing range of 135 to 168 months. See Tr. of Sentencing Hearing ("Tr."), Apr. 30, 1996 at 23.  Movant does not maintain her innocence of the charges or assert any facts which would support such a claim.  The extent of her sentence reduction is inconsistent with objectively deficient conduct on the part of counsel.  Thus, she has not adequately shown a reasonable probability that she would have elected to proceed to trial and forego these reductions which she received for pleading guilty and cooperating with the government.  Relief should be denied on this ground.

**Ground 2**

7.   Movant next contends that counsel failed to keep her informed so that she never knew what was going on with her case.   She also voices numerous other dissatisfactions with counsel which respondent did not separately address.  I will treat these as allegations which fall under the general category of adequate representation.  None of these complaints, either singly or in combination, is enough to suggest that counsel's representation was constitutionally deficient.

8.   Ms. Coddington alleges that Mr. Binford visited her only twice in eleven months; that he talked to her about his other cases instead of hers, or talked about "potato chips and beer bellies"; that he never answered questions; that he wouldn't return phone calls; that she never knew there was a plea agreement until 2 days before sentencing and never saw a written agreement of the plea until the night before.[3]

---

[3]  Movant states that she first found out about the plea agreement two days "before court" and that she didn't see the written agreement until the "night before the Judge walked in."   Letter to the Court dated August 8, 1997 [1-1].

9.   There exists a strong presumption "that counsel's conduct falls within the wide range of reasonable professional assistance."  United States v. Owens, 882 F.2d 1493, 1501 (10th Cir. 1989); Strickland, 466 U.S. at 691.  Even if movant's complaints leave an impression that counsel's conduct may have been less than zealous, there are no allegations which point to a representation which was constitutionally deficient.  Further, they do not in themselves taint the plea as involuntary or unknowing, nor does movant allege how they would.  Miles v. Dorsey, 61 F.3d 1459, 1475 (10th Cir. 1995) (failure to make the required showing of *either* deficient performance or sufficient prejudice defeats the ineffectiveness claim).

**Ground 3**

10.   Ms. Coddington next claims that counsel did not represent her during her testimony at her co-defendant's trial.  This claim also fails, as she does not show how counsel's failure to represent her while she testified at a co-defendant's trial prejudiced her in any way.  In fact, her sentencing level was adjusted downward as a result of her testimony at that trial.  Tr. at 21-22.

**Ground 4**

11.   Movant contends that she was not fully informed in advance of a hearing regarding a later plea for Failure to Appear.  This later plea does not effect in any way the integrity of the plea which she is now challenging.   Movant should be denied relief on this ground as well.

**Various other claims**

12.   Ms. Coddington's handwritten letters to the Court, of which there are several, contain a veritable laundry list of complaints submitted by a dissatisfied customer of the judicial

system.[4]  However, these complaints are either not related in any way to the validity of her plea, or are legally frivolous and not cognizable under any kind of habeas relief.  Movant includes in her list of complaints against Mr. Binford: that she had proof that her son wanted to commit suicide but that Mr. Binford would not get this information; that counsel seemed more interested in helping her abusive husband get visitation rights to her children than in her case; that he lied when he told her that her appeal was denied;[5] and that he told her to "look on the bright side" in that "at least she'd be in prison during [her] children's difficult teenage years."

13.    Assuming that these allegations are true, her basis for dissatisfaction with counsel is justified on an emotional level, but is not legally sufficient to allow her relief from her plea.  The last allegation in particular shows some callousness as a human being, but not necessarily ineffectiveness as counsel in a criminal case.  See Gonzales v. Tansy, unpubl. opin., 65 F.3d 178 (10th Cir. 1995) (court looks to see whether the advice given was within the range of competence demanded of attorneys in criminal cases).

14.    Movant alleges that counsel told her she would not have the same probation officer, but yet sent movant's paperwork to the same person.  She also states that he told her he would fight for her to go to prison in Fort Worth, which was near her home in eastern New Mexico.  Letter to Court, dated March 27, 1997.  Aside from the fact that these issues do not affect the voluntariness of her guilty plea, they also are not constitutionally cognizable.  An inmate does not have a constitutional right to either the probation officer or correctional facility of her choice.  See

---

[4]  In one of the letters, she notes that the government has responded to only four of her twenty-four complaints.  Letter to Court dated Jan. 5, 1998 [10-1].

[5]  The appeal, which raised issues pertaining to sentencing departure for property forfeiture, was in fact denied.  United States v. Coddington, 118 F.3d 1439 (10th Cir. 1997).

Prows v. Federal Bureau of Prisons, 981 F.2d 466, 468 n.3 (10th cir. 1992), cert. denied, 510 U.S. 830 (1993) (no property interest in correctional facility).  Moreover, at the sentencing hearing, Mr. Binford *did* ask the Court for a recommendation for a place of confinement near her home, e.g., Fort Worth or somewhere in the eastern half of Texas.  Tr. at 24-25.[6]

15.   Movant complains that she did not get copies of the trial transcript, sentencing hearing transcript, or of the first plea bargain, and that she did not get to look at a copy of the appeals brief before it was filed.  These allegations do not bear on the adequacy of counsel's representation.  However, she also alleges that counsel failed to appeal certain issues, which is a cognizable claim relating to ineffective assistance of counsel.

*Failure to Raise Issue(s) on Appeal*

16.   The Sixth Amendment does not require an attorney to raise every nonfrivolous issue on appeal.  Counsel will frequently omit weaker claims in order to "focus more effectively on those more likely to prevail."  Banks v. Reynolds, 54 F.3d 1508, 1514 (10th Cir. 1995).  Here, movant contends that counsel told her that he would appeal three issues: amount of time,[7] double jeopardy and downward departure relating to property forfeiture.  Counsel argued only the last issue, which was denied.  See United States v. Coddington, 118 F.3d 1439 (10th Cir. 1997).

17.   Looking at the merits of the two omitted issues, it cannot be said that counsel's failure to appeal either issue was objectively deficient or prejudiced movant in any way.  Further,

---

[6]  Counsel also correctly informed Ms. Coddington that the decision was ultimately reserved for the Bureau of Prisons.  See United States v. Wilson, 503 U.S. 329 (1992); 18 U.S.C. § 3621(b); see also Moresco v. United States, unpubl. op.,1992 WL 372399, *1 (10th Cir. Colo. 1992) (§3621(b) gives primary authority to the executive branch over any petition pertaining to a prisoner's place of confinement).

[7]  I assume Ms. Coddington refers to the sentence she received on the plea.

6

neither was a "dead-bang" winner.  <u>United States v. Dixon</u>, 1 F.3d 1080, 1083 (10th Cir. 1993) (quoting <u>United States v. Cook</u>, 45 F.3d 388, 395 (10th Cir. 1995)).  Movant received the lowest possible sentence in the sentencing range pursuant to a plea she knowingly and involuntary accepted.  Even if she did not, counsel must have a legal basis for his argument.  Here, he raised and argued what appears to have been the most promising issue regarding the amount of time Ms. Coddington was required to serve.  The double jeopardy was raised and rejected at the sentencing hearing, based on movant's conceded failure to contest a civil forfeiture by filing a claim to the seized property.[8]  This issue clearly had no arguable merit to appeal.

*Failure to Investigate Character Witness*

18.   Ms. Coddington next alleges that counsel was ineffective in failing to investigate witnesses who would have attested to her character, specifically, that she is "totally against drugs."  <u>Letter to Court dated Jan. 5, 1989 at 2</u>.  She claims that Mr. Binford had planned to visit Artesia to interview people on her behalf, but never did.  The inquiry here centers on whether counsel's failure to interview these witnesses had a prejudicial effect on Ms. Coddington.  There is nothing to suggest that the movant would not have entered a plea of guilty had he done so.  As far as using the testimony of these witnesses as a basis to mitigate the sentencing time, the record shows that counsel focused on more appropriate bases to argue for downward departures at the sentencing hearing.

*Failure to File Motion to Suppress*

---

[8]   Judge Parker cited to <u>United States v. German</u>, 76 F.3d 315 (10th Cir. 1996) which held that a party who fails to file a claim of ownership never becomes a party to the forfeiture proceeding, and thus is "neither punished nor placed in jeopardy."  <u>Tr. at 4</u>.

19.   Movant contends that counsel was ineffective in failing to file a motion to suppress. Instead, she maintains, he said that "there was no need to."  Letter to Court dated Aug. 8, 1997 at 1.  Ms. Coddington cannot pursue this claim, having opted to enter a plea of guilty.  Attacks on the proceeding leading up to her conviction are limited to whether the underlying plea was both counseled and voluntary.  United States v. Broce, 488 U.S. 563 (1989); Osborn v. Shillinger, 997 F.2d 1324, 1327 (10th Cir. 1993).  Having determined that her plea was both counseled and voluntary, other routes of collateral attack are foreclosed.  Id.

*Request for Another Attorney*[9]

20.   Last, movant had requested substitution of counsel both during the pendency of the appeal and after the appeal was denied.  While the Sixth Amendment guarantees the right to effective assistance of counsel, it does not guarantee the right to choose one's counsel.  United States v. Gallop, 838 F.2d 105, 107-08 (4th Cir.), cert. denied, 487 U.S. 1211 (1988) (citation omitted); United States v. Vallery, 108 F.3d 155, 157 (8th Cir. 1997) (the right to retain counsel of one's choice is not absolute).  An indigent defendant, moreover, has no right to have a particular lawyer represent him and can demand a different appointed lawyer only with good cause. United States v. Allen, 789 F.2d 90, 92 (1st Cir.1986), cert. denied, --- U.S. ----, (1986), cited in Gallop, 838 F.2d at 108.[10]  The reasons underlying her request were similar to the

---

[9]  Although this claim is not part of her ineffectiveness claim, the issue comes up frequently in the letters which refer to her petition.  I liberally construe these allegations as due process claims

[10]  The Court of Appeals construed movant's dissatisfaction with counsel as an ineffective assistance of counsel claim and considered the issue inappropriate for direct appeal, citing to United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995).  United States v. Coddington, 118 F.3d 1439, 1441 n.2 (10th cir. 1997).

noncognizable ones already addressed above as well as a feeling that he "did not have [her] best interest at heart." Undated Letter to Court of Appeals. Accordingly, Ms. Coddington's due process rights were not violated when the trial court refused her request.

21.   Movant also requested counsel after the appeal was denied, in order to pursue collateral relief. Letter to Court dated Mar. 25, 1997. This claim also fails, as she has no right to appointed counsel in post-conviction petitions in the federal court system. See Capps v. Cowley, 63 F.3d 982, 985 (10th Cir. 1995); see also Swazo v. Wyoming Dept. of Corrections, 23 F.3d 332, 333 (10th Cir. 1994) (appointment of counsel required only for evidentiary hearing).

*Request for Appointment of Counsel*

22.   Given the above findings, movant's request for counsel is denied [10-1].

23.   Movant's letters to the Court set forth allegations which have become part of her § 2255 petition. But they also tell of an individual who seeks permission to start her life over outside of prison, without making the same mistakes. She alludes to an abusive husband, threats from the Mexican mafia, with whom she believed her husband was connected and concern for her children growing up while she is incarcerated. Unfortunately, sincere though her desire for a second chance might be, it is not sufficient to provide a legal basis for relief.

## Recommendation

I recommend that movant's request for counsel [10-1] be **denied**, and that the petition pursuant to 28 U.S.C. § 2255 [1-1] be **denied**, and that this cause be dismissed with prejudice in its entirety.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to

such proposed findings and recommendations.  A party must file any objections within the ten day

period allowed if that party wants to have appellate review of the proposed findings and

recommendations.  If no objections are filed, no appellate review will be allowed.


_____

UNITED STATES MAGISTRATE JUDGE